FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2014 APR 11  PM 12: 04

CASE NO. _____

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
T...

ANDREA DOUGLAS,

   Plaintiff,

v.

8:14 cv 860 T 17 EAJ

ALLIED INTERSTATE LLC,

   Defendant.

## NOTICE OF REMOVAL

Defendant, Allied Interstate LLC ("Allied"), files this Notice of Removal of action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446 and as grounds in support thereof Allied respectfully states as follows:

1. Andrea Douglas (the "Plaintiff") filed this action on or about March 5, 2014 in the Circuit in and for the Sixth Judicial Circuit in and for Pasco County, Florida, Case No. 2014 CA 858 WS (G) (the "Circuit Court Action").

2. The Plaintiff served the complaint on or about March 18, 2014.

3. As can be seen from the face of the complaint, the Plaintiff has raised claims against Allied pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. §§ 227 *et seq.* (the "TCPA"), as well as claims brought pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* (the "FCCPA").

4. Allied seeks removal of this action pursuant to 28 U.S.C. §§ 1331 and 1441(a) based on the grounds that the claims alleged under the FDCPA and the TCPA raise a federal question. The assertion of federal claims makes jurisdiction in this Court proper pursuant to 28

Case No.: _____

U.S.C. § 1331 and thus makes removal pursuant to 28 U.S.C. § 1441(a) proper, as this Court has original jurisdiction of the federal claims.

5. To further demonstrate that there is federal question jurisdiction under the FDCPA, the FDCPA contains its own statute that provides for jurisdiction in this Court. Specifically, 15 U.S.C. § 1692(k)(d) states, in pertinent part: "[J]urisdiction. An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard for the amount of controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

6. As to the TCPA, the Supreme Court has held that federal question jurisdiction exists for claims under the TCPA. *See Mims v. Arrow Financial Services, LLC*, 560 U.S. ___, 132 S.Ct. 740, 181 L.Ed. 2d 881 (2012).

7. 28 U.S.C. § 1331 reads, "[T]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The complaint the Plaintiff has filed in this case contains counts that arise under the laws of the United States, specifically the FDCPA, 15 U.S.C. § 1592 *et seq.* and the TCPA, 47 U.S.C. § 227 *et seq.*

8. Accordingly, this action is proper for removal under the basis that federal question jurisdiction exists and, accordingly, this Court may exercise original jurisdiction over this matter.

9. As for the claims that have been asserted under the FCCPA, those claims may also be removed to this Court both pursuant to 28 U.S.C. § 1441(a) and because this Court has supplemental jurisdiction over them pursuant to 28 § U.S.C. 1367(a).

10. Because this Court has jurisdiction over the FDCPA and TCPA claims pursuant to 28 U.S.C. § 1331, removal of the non-federal claims is also proper. Accordingly, this Court can exercise jurisdiction over the FCCPA claim as well.

11. Section 1367, which is titled "Supplemental Jurisdiction", states "[I]n any civil action of which the district court has original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12. In this case, based on the allegations in the Complaint, the Plaintiff has essentially alleged that the same facts that give rise to the FDCPA claim also give rise to the FCCPA claim. This of course is not surprising given that the Fla. Stat. § 599.77(5) states that in applying and construing the FCCPA, "[D]ue consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the Federal Courts relating to the FDCPA." Essentially, the FCCPA is a state law remedy that provides additional protections to a consumer along with the FDCPA. Accordingly, the claims that arise under the FDCPA and the FCCPA in this case are essentially the same and, accordingly, the Court can exercise supplemental jurisdiction.

13. Another court within this district recently found that removal of a TCPA and FCCPA claim was proper and that it was proper to exercise supplemental jurisdiction over the FCCPA claim, and thus denied remand of a case where the plaintiff has alleged violations of both the TCPA and the FCCPA and the claims were based on the same debt collection activities. *Speidel v. Am. Honda Finance Corp.*, 2014 U.S. Dist. LEXIS 26778 (M.D. Fla. march 3, 2014) (Chappell, J.). The instant matter makes an even stronger case for removal given that, in addition to the TCPA, the Plaintiff has alleged FDCPA violations.

14. By seeking removal of this case, Allied does not admit that it has any liability to the Plaintiff, Allied continues to dispute that it has any liability whatsoever in this matter.

Case No.: _____

15. Allied has submitted copies of the summons, complaint and answer filed in this case to the Clerk of Court herewith. The Plaintiff has served certain discovery; Allied has not included it, but will respond in accordance with the Federal Rules, or in any time the Court so orders.

WHEREFORE, for the reasons stated herein, Allied requests this Court take jurisdiction of this action that Allied has removed, as well as grant any further relief the Court deems proper under the circumstances.

Dated this 10th day of April, 2014.

        **SLATKIN & REYNOLDS, P.A.**
        Attorneys for Allied Interstate
        One East Broward Boulevard, Suite 609
        Fort Lauderdale, Florida 33301
        Telephone 954.745.5880
        Facsimile 954.745.5890
        Email: rreynolds@slatkinreynolds.com

        By: _____ *Jason E. Slatkin*
            ROBERT F. REYNOLDS    FBN 040370
            Fla. Bar No. 174823

Case No.: _____

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via email tbradlow@protectyourfuture.com and U.S. Mail to Anthony S. Bradlow, Esq., Boss Arrighi & Hoag, PL, 9800 Fourth Street North, Suite 402, St. Petersburg, FL 33702 on this 10th day of April, 2014.

_____ Jason E. Slatkin
ROBERT F. REYNOLDS